Kevin J. Harrington (KH-5027)
John T. A. Rosenthal (JR-4819)
HARRINGTON, OCKO & MONK, LLP
81 Main Street, Suite 215
White Plains, New York 10601
Telephone: (914) 686-4800
Facsimile:  (914) 686-4824

*Attorneys for Plaintiff*
*SAS GROUP, INC.*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
SAS GROUP, INC., a New York corporation,    x   Civil Action No. _____
                                            x
                    Plaintiff,              x   ECF Case
                                            x
    -against-                               x   **COMPLAINT**
                                            x
CHEMPLEX AUTOMOTIVE GROUP, INC., a          x   **JURY TRIAL DEMAND**
California corporation,                     x
                                            x   **'07 CIV 10262**
                    Defendant.              x
---------------------------------------------------------------x   **JUDGE ROBINSON**

SAS GROUP, INC. ("SAS" or "Plaintiff"), by and through its attorneys, Harrington, Ocko & Monk, LLP, as and for its Complaint for declaratory relief against CHEMPLEX AUTOMOTIVE GROUP, INC. ("Chemplex" or "Defendant"), states as follows:

### JURISDICTION AND VENUE

1.      Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. §§1331 and 1338, and this action is one arising under the constitutional laws of the United States, and arises under the acts of Congress relating to trademarks and trade dress. This Court further has jurisdiction pursuant to 28 U.S.C. §§2201(a), 2202 and CPLR §302 as, upon information and belief, Defendant Chemplex has transacted business with or in the State of New York.

1

2. Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(b) and (c), because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district, and Defendant has sufficient contact with this district to support the exercise of personal jurisdiction here in.

## THE PARTIES

3. Plaintiff SAS is a New York corporation with its principal place of business at 220 White Plains Road, Tarrytown, New York in Westchester County. Plaintiff SAS is in the business of selling, marketing and distributing products, including automotive care products, as well as products known by the trademark, "Motor Up" and the trade dress associated with this product, among other things.

4. SAS is informed and believes and based thereon alleges that Defendant Chemplex is a California corporation with its principal place of business located at 2061 Emery Avenue, LaHabra, California 90631. Upon information and belief, Chemplex is in the business of marketing, selling and distributing automotive products, including the product known as "Dyno-Tab".

## FACTUAL ALLEGATIONS

5. Upon information and belief, Chemplex sells an automotive product under the trademark, "Dyno-Tab" for use in cars. Upon information and belief, Chemplex claims that as a result of its directed marketing activities, the trademark and trade dress for its "Dyno-Tab" automotive products are recognized by consumers nationally, including consumers in the State of New York.

6. Upon information and belief, Chemplex operates, or has authorized the operation of, a website whereby consumers, including consumers in the State of New York, can order

2

"Dyno-Tab" by placing orders via e-mail and/or through the internet to Chemplex, and have such orders filled and sent to the consumer at their residences or place of business, including consumers in the State of New York. Upon information and belief, Chemplex has transacted business with consumers in the State of New York through or as a result of this interactive website, and has sold consumers and/or shipped "Dyno-Tab" and/or its other automotive line of products to consumers in the State of New York as a result of accepting or processing orders from such consumers via or as a result of this interactive website.

7. SAS markets an automotive product line using the trademark "Motor Up".

8. In or about May of 2007, Chemplex began communications with SAS at the New York offices of SAS. Subsequently, Chemplex directed e-mails to SAS in New York, and sent information to SAS, at its New York office, relating to the Chemplex line of automotive products line. Upon information and belief, Chemplex's communications and interactions with SAS in its New York office was initiated by an individual who has represented himself as an agent of Chemplex.

9. At a recent trade show, an officer of Chemplex approached an executive of SAS and threatened SAS with legal action regarding the alleged infringement by SAS and its "Motor Up" product line of Chemplex's intellectual property rights associated with its automotive products, including but not limited to, its "Dyno-Tab" product.

10. Subsequently, on or about November 1, 2007, counsel for Chemplex sent a cease and desist letter to SAS threatening litigation unless SAS complied with Chemplex's demands to stop marketing products which Chemplex asserted infringed its trademark and trade dress rights, among other things.

## AS AND FOR A FIRST CAUSE OF ACTION
## DECLARATORY RELIEF

11. Plaintiff repeats and realleges the allegations set forth in paragraphs "1" through "10", inclusive of this Complaint, as if fully set forth herein.

12. SAS markets an automotive product under the trademark "Motor Up" and the associated trade dress for its "Motor Up" automotive line of products.

13. Upon information and belief, Chemplex markets, sells and distributes a line of automotive products utilizing the mark "Dyno-Tab", as well as other automotive products.

14. Chemplex has threatened litigation against SAS for use of the "Motor Up" trademark, as well as the trade dress associated with the "Motor Up" line of automotive products, among other things.

15. An actual controversy has arisen and now exists between SAS and Defendant Chemplex with respect to the trademark and trade dress and associated intellectual property of SAS relating to its automotive products (including "Motor Up") and Defendant Chemplex regarding the trademark and trade dress for its "Dyno-Tab" product, among other things; Defendant Chemplex asserts that the purported trademark and trade dress of its automotive products are being infringed by SAS.

16. Chemplex has threatened SAS with litigation with regard to the marketing by SAS of its automotive products and the trademarks and trade dress associated with those products, including but not limited to the "Motor Up" line of automotive products.

17. A judicial determination pursuant to 28 U.S.C. §§2201(a) and 2202 is necessary and appropriate at this time in order that SAS may ascertain its rights and duties with respect to

the purported trademark and trade dress of Defendant Chemplex as to which Chemplex has alleged infringement and threatened to bring suit against SAS in connection with such dispute.

18.     SAS is entitled to a determination under 28 U.S.C. §§2201(a) and 2202, that the purported trademark, trade dress and other intellectual property rights associated with Chemplex's "Dyno-Tab" and other automotive products are not infringed by SAS and are otherwise invalid and unenforceable as applied to SAS's "Motor Up" products.

**WHEREFORE,** Plaintiff SAS prays for the following judicial relief:

A.     A declaration by this Court that the purported trademark and trade dress of Chemplex's "Dyno-Tab" and other automotive products are not infringed by SAS, are invalid and/or are not enforceable as against SAS and its automotive products, including but not limited to, the SAS registered trademarks "Motor Up and "Motor Up Xtreme", as well as the trade dress and other intellectual property associated with line of automotive products marketed, sold and distributed by SAS;

B.     That this action be declared exceptional, and that SAS be awarded its attorney's fees and costs pursuant to 15 U.S.C. §1117(a);

C.     That SAS be awarded its costs and expenses incurred in this declaratory action; and

D.     For such other and further relief as the Court deems just and proper.

Dated: White Plains, New York
       November 9, 2007

                                                Yours, etc.,

                                                _____
                                                Kevin J. Harrington
                                                John T. A. Rosenthal

HARRINGTON, OCKO & MONK, LLP
*Attorneys for Plaintiff*
*SAS GROUP, INC.*
81 Main Street, Suite 215
White Plains, New York 10601
Telephone: (914) 686-4800
Facsimile: (914) 686-4824

TO: CHEMPLEX AUTOMOTIVE GROUP, INC.
2061 Emery Avenue
LaHabra, California 90631