UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X

SAS GROUP, INC.,

                 Plaintiff and
                 Counterclaim
                 Defendant,

           -v-

CHEMPLEX AUTOMOTIVE GROUP, INC.,

                 Defendant and
                 Counterclaim
                 Plaintiff,

-----------------------------------------------------------X

Civil Action No.
07-CV -10262 (SCR)

**CHEMPLEX AUTOMOTIVE GROUP,
INC.'S MEMORANDUM OF LAW IN
OPPOSITION TO
SAS GROUP, INC.'S MOTION
TO DISMISS ITS COUNTERCLAIMS
PURSUANT TO F.R.C.P. 12(b)(6)**

Philippe Zimmerman (PZ-7744)
Julie Stark (JS-8925)
MOSES & SINGER LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174-1299
Phone: (212) 554-7800
Fax:    (212) 554-7700

Jeffrey L. Van Hoosear (*pro hac vice*)
Lynda J. Zadra-Symes (*pro hac vice*)
Jared C. Bunker (*pro hac vice*)
KNOBBE, MARTENS, OLSON & BEAR, LLP
2040 Main Street
Fourteenth Floor
Irvine, CA 92614
Phone: (949) 760-0404
Fax:    (949) 760-9502

*Attorneys for Defendant and Counterclaim Plaintiff
CHEMPLEX AUTOMOTIVE GROUP, INC.*

## TABLE OF CONTENTS

**Page No.**

I.    PRELIMINARY STATEMENT ........................................................................ 1

II.   LEGAL STANDARD GOVERNING MOTIONS TO DISMISS ......................... 1

III.  ARGUMENT ............................................................................................... 3

    A.    CHEMPLEX PROPERLY PLED EACH OF ITS
          COUNTERCLAIMS AGAINST SAS ................................................... 3

         1.    Chemplex Properly Alleged A Counterclaim For
             Copyright Infringement ................................................ 3

               a.    Identification Of The Original Works ............................... 4

               b.    Ownership Of The Copyrights In The Original
                   Works ................................................................ 4

               c.    Acts Of Infringement ....................................... 5

         2.    Chemplex Properly Alleged A Counterclaim For False
             Designation Of Origin ................................................ 7

               a.    Chemplex Properly Alleged A Counterclaim For
                   False Designation Of Origin Based On
                   Trademark Infringement ........................................ 7

                    (i)    Ownership Of A Valid Trademark ......................... 7

                    (ii)    Likelihood Of Confusion ....................................... 8

               b.    Chemplex Properly Alleged A Counterclaim For
                   False Designation Of Origin Based On Trade
                   Dress Infringement ........................................ 10

                    (i)    Distinctiveness Of The Trade Dress ..................... 10

                    (ii)    Likelihood Of Confusion ....................................... 12

                    (iii)    Non-Functionality Of The Trade Dress ............... 12

         3.    Chemplex Properly Alleged A Claim For Unfair
             Competition Under New York Statutory And Common
             Laws .................................................................. 13

**TABLE OF CONTENTS**
**(*cont'd*)**

**Page No.**

       4.    Chemplex Properly Alleged A Claim For Statutory
             Damages And Attorneys' Fees Under Federal Copyright
             Law ........................................................................................... 15

    B.    SAS IMPROPERLY RELIES ON DOCUMENTS AND
         INFORMATION OUTSIDE THE PLEADINGS ................................... 17

IV.   CONCLUSION .............................................................................................. 19

# TABLE OF AUTHORITIES

**Page Nos.**

*Bell Atl. Corp. v. Twombly,*
    127 S. Ct. 1955 (2007)...................................................................................... 2, 12

*Brass v. Amer. Film Techn., Inc.,*
    987 F.2d 142 (2d Cir. 1993)................................................................................ 3

*Bristol-Myers Squibb Co. v. McNeil-P.P.C.,*
    786 F. Supp. 182 (E.D.N.Y. )............................................................................ 14

*Computer Assocs. v. Altai, Inc.,*
    982 F.2d 693 (2d Cir. 1992)............................................................................... 15

*Crown Awards, Inc. v. Trophydepot,*
    2003 WL 22208409 (E.D.N.Y. Sept. 3, 2003).................................................. 11

*Disney v. Goodtimes Home Video Corp.,*
    830 F. Supp. 762 (S.D.N.Y. 1993)..................................................................... 11

*Eliya, Inc. v. Kohl's Dep't Stores,*
    No. 06-CV-195, 2006 WL 2645196 (S.D.N.Y. Sept. 13, 2006).................... 10, 18

*Erickson v. Pardus,*
    127 S. Ct. 2197 (2007)........................................................................................ 2

*EZ-Tixz, Inc. v. Hit-Tix, Inc.,*
    919 F. Supp. 728 (S.D.N.Y. 1996)..................................................................... 15

*GMA Accessories, Inc. v. Idea Nuova, Inc.,*
    157 F. Supp. 2d 234 (S.D.N.Y. 2000) ................................................................. 7

*In re Initial Pub. Offering Sec. Litig.,*
    241 F. Supp. 2d 281 (S.D.N.Y. 2003) ................................................................. 2

*In re Nortel Networks Corp. Sec. Lit.,*
    238 F. Supp. 2d 613 (S.D.N.Y. 2003) ................................................................. 2

*Kamen v. Am. Tel. & Tel. Co.,*
    791 F.2d 1006 (2d Cir. 1986).............................................................................. 18

*Krasselt v. Joseph E. Seagram & Sons, Inc.,*
    No. 01-CV-2821, 2002 WL 1997926 (S.D.N.Y. Aug. 29, 2002) ...................... 3, 6

## TABLE OF AUTHORITIES
### (*cont'd*)

**Page Nos.**

*Kregos v. Assoc. Press,*
    3 F.3d 656 (2d Cir. 1993), *cert denied* 510 U.S. 1112, 114 S. Ct. 1056
    (1994)..................................................................................................... 15

*Kwan v. Schlein,*
    246 F.R.D. 447 (S.D.N.Y. 2007)......................................................... 17

*Landscape Forms, Inc. v. Columbia Cascade Co.,*
    113 F.3d 373 (2d Cir. 1997)............................................................... 11

*Lon Tai Shing Co. v. Koch + Lowry,*
    No. 90-CV-4464, 1991 WL 170734 (S.D.N.Y June 20, 1991)….....................5

*Maverick Recording Co. v. Goldshteyn,*
    No. CV-05-4523, 2006 WL 2166870 (E.D.N.Y. July 31, 2006) .......................... 5

*Minoli v. Evon,*
    No. CV-95-0544, 1996 WL 288473 (E.D.N.Y. May 24, 1996) ........................... 8

*MTV Networks, a Div. of Viacom Int'l v. Curry,*
    867 F. Supp. 202 (S.D.N.Y. 1994) ........................................................ 2

*Nat'l Football League v. Dallas Cowboys Football Club, Ltd.,*
    922 F. Supp. 849 (S.D.N.Y. 1996) ........................................................ 7

*Phillips v. Murdock,*
    543 F. Supp. 2d 1219 (D.Hawaii 2008)................................................. 5

*Reeves v. Am. Broad. Cos.,*
    580 F. Supp. 84 (S.D.N.Y. 1983), *aff'd* 719 F.2d 602 (2d Cir. 1983).................... 2

*Regal Jewelry Co. v. Kingsbridge Intern, Inc.,*
    999 F. Supp. 477 (S.D.N.Y. 1998).................................................... 11

*Ruder v. Finn, Inc. v. Seaboard Sur. Co.,*
    52 N.Y.2d 663 (1981)........................................................................ 14

*Schatt v. Curtis Mgmt. Group, Inc.,*
    764 F. Supp. 902 (S.D.N.Y. 1991) ........................................................ 2

*Securitron Magnalock Corp. v. Schnabolk,*
    65 F.3d 256 (2d Cir. 1995)............................................................... 14

# TABLE OF AUTHORITIES
## (*cont'd*)

**Page Nos.**

*Thompson v. V.E.W. Ltd,*
　　No. 06-CV-15336, 2007 WL 1746739 (S.D.N.Y. June 15, 2007)...................... 16

*Twin Labs. v. Instant Prods. of Am., Inc.,*
　　No. CV-92-5954, 1993 WL 528403 (E.D.N.Y. July 26, 1993) ............................ 3

*U2 Home Entm't, Inc. v. Kylin TV, Inc.,*
　　No. 06-CV-02770, 2007 WL 2028108 (E.D.N.Y. July 11, 2007) ............3, 4, 6, 18

*Wyler v. United States,*
　　725 F.2d 156 (2d Cir. 1983)................................................................................ 18

*Yurman Design, Inc v. PAJ, Inc.,*
　　262 F.3d 101 (2d Cir. 2001)................................................................................ 11

# OTHER AUTHORITIES

15 U.S.C. § 1114................................................................................................................ 8

15 U.S.C. § 1125..................................................................................................... 7, 8, 10

17 U.S.C. § 102................................................................................................................. 4

17 U.S.C. § 301............................................................................................................... 15

17 U.S.C. § 412............................................................................................................... 15

17 U.S.C. § 504............................................................................................................... 15

17 U.S.C. § 505............................................................................................................... 15

Fed. R. Civ. P. 12............................................................................................................... 1

## I.    PRELIMINARY STATEMENT

Chemplex's Counterclaims more than meet the pleading standards under the Federal Rules of Civil Procedure. As this Court has noted, it is "remarkably easy" to meet the pleading standards under the Federal Rules. All allegations in the pleadings are assumed true and a claimant only needs to allege enough facts to support a claim that is "plausible." Chemplex more than adequately alleged each of its copyright infringement, false designation of origin and unfair competition claims and has provided SAS more than enough notice of its counterclaims and the bases for those counterclaims.

Rather than addressing, or even reciting, the pleading requirements under the Federal Rules, SAS misconstrues Chemplex's pleadings and argues factual issues that are inappropriate on a motion to dismiss. SAS spends considerable effort on attempting to confine Chemplex's false designation of origin claims to an inappropriate comparison between Complex's BEATS THE BOTTLED BOOSTERS mark and SAS's MOTOR UP mark. The MOTOR UP mark has nothing to do with Chemplex's claims and was not even mentioned in the Counterclaims. Equally irrelevant is the Harrington declaration submitted by SAS. Frank Harrington is SAS's attorney. Not only is the Harrington Declaration outside the scope of the Counterclaim pleadings, it is not based on personal knowledge of any relevant facts in this dispute.

Because Chemplex has properly pled each of its Counterclaims, SAS's motion to dismiss should be denied.

## II.    LEGAL STANDARD GOVERNING MOTIONS TO DISMISS

The Supreme Court recently confirmed that the pleading standards under the Federal Rules are very low. Specifically, the Court emphasized that, when considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), all allegations in the pleading are

assumed true, "even if doubtful in fact." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007); *see also* 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure § 1357*, at 332-36 (2d ed. 1990). Further, the pleading, read in light of the liberal Rule 8 standards, need only outline enough facts to state a claim that is "plausible." *Id.* at 1974. That is, the allegations need only give the defendant "fair notice" of the claim and the grounds upon which it rests. *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007).

Indeed, this Court, in *In re Initial Pub. Offering Sec. Litig.*, 241 F. Supp. 2d 281 (S.D.N.Y. 2003), recently explained how "remarkably easy" it is to plead a claim under the Federal Rules:

> Rule 8(a) does not require plaintiffs to plead the legal theory, facts or elements underlying their claim. A complaint that complies with the Federal Rules of Civil Procedure cannot be dismissed on the ground that it is conclusory or fails to allege facts. The courts keep reminding plaintiffs that they don't have to file long complaints, don't have to plead facts, don't have to plead legal theories. To comply with Rule 8, plaintiffs need not provide anything more than sufficient notice to permit defendant to file an answer.

*Id.* at 322, 323-24 (citations and internal quotation marks omitted); *see also In re Nortel Networks Corp. Sec. Lit.*, 238 F. Supp. 2d 613, 621 (S.D.N.Y. 2003) (a "motion to dismiss for failure to state a claim is disfavored and is seldom granted").

The standard is the same whether the claim is raised by the plaintiff or in the form of a counterclaim by the defendant. *See MTV Networks, a Div. of Viacom Int'l v. Curry*, 867 F. Supp. 202, 203 (S.D.N.Y. 1994); *Schatt v. Curtis Mgmt. Group, Inc.*, 764 F. Supp. 902, 915 (S.D.N.Y. 1991); *Reeves v. Am. Broad. Cos.*, 580 F. Supp. 84, 89-90 (S.D.N.Y. 1983), *aff'd*, 719 F.2d 602 (2d Cir. 1983).

Further, on a motion to dismiss, the court is not to weigh the evidence but merely determine whether the pleading itself is sufficient. *Twin Labs. v. Instant Prods. of Am., Inc.*, No. CV-92-5954, 1993 WL 528403, at *3 (E.D.N.Y. July 26, 1993). In other words, the court must refrain from fact-finding and simply look at the sufficiency of the pleading. *U2 Home Entm't, Inc. v. Kylin TV, Inc.*, No. 06-CV-02770, 2007 WL 2028108, at *7 (E.D.N.Y. July 11, 2007).

Finally, in ruling on a motion under Rule 12, the Court may consider only the allegations made in the pleadings and any facts of which judicial notice may be taken. *See Brass v. Amer. Film Techn., Inc.*, 987 F.2d 142, 150 (2d Cir. 1993). However, while the court may consider documents attached to or referenced in the pleading, "mere notice or possession [of the documents] is not enough." *U2 Home Entm't*, 2007 WL 2028108, at *3 (E.D.N.Y. July 11, 2007).

## III.    ARGUMENT

### A.    CHEMPLEX PROPERLY PLED EACH OF ITS COUNTERCLAIMS AGAINST SAS

#### 1.    <u>Chemplex Properly Alleged A Counterclaim For Copyright Infringement</u>

Chemplex has satisfied the Rule 8 pleading requirements for a copyright infringement claim. To state a claim for copyright infringement, a claimant must allege: "(1) which specific original works are the subject of the copyright claim; (2) that plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts during what time the defendant infringed the copyright." *Krasselt v. Joseph E. Seagram & Sons, Inc.*, No. 01-CV-2821, 2002 WL 1997926, at *1 (S.D.N.Y. Aug. 29, 2002). Because Chemplex's counterclaim contains each of the above allegations, Chemplex has properly pled its copyright

infringement claim. Accordingly, SAS's motion to dismiss should be denied with respect to Chemplex's copyright infringement claims.

### a.     Identification Of The Original Works

With respect to the requirement to identify the original works, Chemplex identified, <u>by copyright registration number and title</u>, at least four original works which are the subject of its copyright claim (the "Chemplex Copyrighted Materials"). Specifically, Chemplex identified its "Booster Product Sheet" (Counterclaims, ¶6), "Stabilizer Product Sheet" (Counterclaims, ¶7), its "Booster Product Card" (Counterclaims, ¶8), and its "Stabilizer Product Card" (Counterclaims, ¶9). *See also* Counterclaims, ¶18. As SAS acknowledges, Chemplex's pleadings encompass any documents referenced therein, including these copyright registrations. *See U2 Home Entm't, Inc. v. Kylin TV, Inc.*, No. 06-CV-02770, 2007 WL 2028108, at *7 (E.D.N.Y. July 11, 2007). Chemplex clearly identified and put SAS on notice of the works that constitute the basis for Chemplex's copyright infringement counterclaim.

### b.     Ownership Of The Copyrights In The Original Works

Regarding ownership of the copyrights, Chemplex alleged that "Chemplex is the <u>owner of all copyrights</u> in the Booster Product Sheet, the Stabilizer Product Sheet, the Booster Product Card and the Stabilizer Product Card. Counterclaims, ¶¶18, 20. With respect to proper registration, Chemplex alleged that it "has complied in all respects with 17 U.S.C. § 102, et seq., the statutory deposit and registration requirement thereof, and all of the laws governing federal copyrights, to secure the exclusive rights and privileges" in the copyrights for the Booster Product Sheet, the Stabilizer Product Sheet, the Booster Product Card and the Stabilizer Product Card. Counterclaims, ¶19. Further, as

mentioned above, Chemplex identified the copyright registration numbers provided by the Copyright Office for each of the above-identified works. Counterclaims, ¶¶ 6-9.

### c.    Acts Of Infringement

Finally, with respect to the acts of infringement, Chemplex alleged that "SAS, without the permission or authority of Chemplex, <u>has copied</u> some of the…Booster Product Sheet, the Stabilizer Product Sheet, the Booster Product Card and the Stabilizer Product Card, in violation of Chemplex's rights." Counterclaims, ¶12.  Chemplex also alleged that SAS has incorporated some of these copyrighted materials into SAS's product sheets and product cards for products marketed by SAS.  *Id.*; *see also* ¶22. Chemplex's allegation that SAS "<u>continues to use</u> these infringing product sheets and product cards" (Counterclaims, ¶12), satisfies the pleading requirement regarding the timing of SAS's acts of infringement.  *See Maverick Recording Co. v. Goldshteyn*, No. CV-05-4523, 2006 WL 2166870, at *4 (E.D.N.Y. July 31, 2006) (holding that an allegation of a continuing violation fulfills the requirement to allege the time of the infringing acts).    Accordingly, Chemplex has properly alleged SAS's acts of infringement.

SAS contends that Chemplex was required to identify the exact words or text SAS allegedly copied.  Pl. Br., 19.  In support of this assertion, SAS cites to a case out of the district court in Hawaii.  *Id.*  Even if the case from the district court in Hawaii offered support for SAS's position, which it does not,[1] this requirement is clearly not the law in the Second Circuit.  In the Second Circuit, a claimant is not required to identify which

---

[1]    In the Hawaii case, *Phillips v. Murdock*, 543 F.Supp.2d 1219 (D.Hawaii 2008), the court held that an allegation of copyright infringement must be based on the copying of original content and cannot be based on similarities in unprotected features such as the title of the work, concepts and ideas.  *Id.* at 1226-27.  In contrast to *Phillips*, Chemplex has identified several <u>original</u> works that have been copied by SAS.

portion of a work was infringed in order to state a claim for copyright infringement. *Krasselt v. Joseph E. Seagram & Sons, Inc.*, No. 01-CV-2821, 2002 WL 1997926, at *1 (S.D.N.Y. Aug. 29, 2002). In *Krasselt*, the plaintiff alleged infringement of a collection of thirty advertisements. *Id.* In denying defendant's motion to dismiss, the court held that the plaintiff was not required to identify which of the thirty advertisements in the collection were infringed. *Id.* The court reasoned that the identification of the work itself was more than enough information to put defendant on notice. *Id.* ; *See also U2 Home Entm't, Inc. v. Kylin TV, Inc.*, No. 06-CV-02770, 2007 WL 2028108, at *7 (E.D.N.Y. July 11, 2007) ("[a]t this stage of the litigation, plaintiff is not required to specify exactly what acts each individual defendant performed in order to put defendants on fair notice of the claims against them").

Just like in *Krasselt*, Chemplex has identified each of the works that form the basis for its copyright infringement counterclaim. Chemplex's identification, by copyright registration number and title, of its four copyrighted works was more than enough information to put SAS on notice of Chemplex's copyright infringement claim. Neither Rule 8 nor Rule 12 requires Chemplex to identify in its counterclaim the exact words in those works that were copied by SAS.

Because Chemplex has more than adequately identified in its counterclaim the original works which are the subject of its claim, as well as alleged ownership, proper registration and acts of infringement, Chemplex has properly stated a claim for copyright infringement.

2.     **Chemplex Properly Alleged A Counterclaim For False Designation Of Origin**

Chemplex has satisfied the Rule 8 pleading requirements for its false designation of origin claims under 15 U.S.C. § 1125(a).  Chemplex's counterclaim for false designation of origin is based on SAS's infringement of Chemplex's unregistered trademark as well as SAS's infringement of Chemplex's trade dress.  Chemplex has satisfied the pleading requirements for its false designation of origin claims based on the infringement of Chemplex's unregistered trademark as well as Chemplex's trade dress.

a.     **Chemplex Properly Alleged A Counterclaim For False Designation Of Origin Based On Trademark Infringement**

Chemplex has properly pled its counterclaim for false designation of origin based on SAS's acts of trademark infringement.  To state a claim for trademark infringement under 15 U.S.C. § 1125(a) for an unregistered mark, a claimant must allege (1) ownership of a valid trademark, and (2) a likelihood of confusion on the part of the public.  *Nat'l Football League v. Dallas Cowboys Football Club, Ltd.*, 922 F. Supp. 849, 854 (S.D.N.Y. 1996); *see also GMA Accessories, Inc. v. Idea Nuova, Inc.*, 157 F. Supp. 2d 234, 239 (S.D.N.Y. 2000).

(i)     **Ownership Of A Valid Trademark**

With respect to ownership of a valid trademark, Chemplex identified its BEATS THE BOTTLED BOOSTERS trademark by name (the "Chemplex Mark").  *See* Counterclaims, ¶5.  Chemplex also alleged ownership of U.S. Federal Trademark Application No. 77/047809, covering its BEATS THE BOTTLED BOOSTERS trademark.  Counterclaims, ¶11.  Chemplex's application was registered on April 1, 2008,

and constitutes *prima facie* evidence of a valid trademark.[2] *Minoli v. Evon*, No. CV-95-0544, 1996 WL 288473, at *8 (E.D.N.Y. May 24, 1996). Chemplex also alleged that it has used its trademark extensively "in connection with the marketing and sale of" its products. *Id.* Finally, Chemplex has alleged that its mark is "inherently distinctive and [has] acquired secondary meaning in the marketplace." *Id.* at ¶28. Chemplex has clearly satisfied the first pleading requirement for its trademark infringement claim.

SAS asserts that Chemplex was required to allege facts regarding secondary meaning including "expenditures on advertising, unsolicited media inquiries, consumer studies, sales success, attempts to plagiarize the mark, or length and exclusivity of use" in a vague contention regarding the protectability of the Chemplex Mark. Pl. Br., 12. This is not the law and SAS offers no support for this contention. Nevertheless, even if SAS's assertion was correct, Chemplex satisfied even this heightened standard. Specifically, Chemplex alleged that "Chemplex has used its Chemplex Mark extensively in connection with the marketing and sale of the Chemplex Products." Counterclaims, ¶11. Further, Chemplex alleged that "the Chemplex Mark…[is] used in commerce…and [has] acquired secondary meaning in the marketplace." Counterclaims, ¶28. SAS cannot reasonably dispute that Chemplex properly alleged ownership of a valid trademark.

### (ii)   Likelihood Of Confusion

Regarding likelihood of confusion, Chemplex alleged that "SAS has created a false designation of origin by marketing, without the permission or authority of Chemplex, automotive products using product sheets, cards and/or packaging <u>which</u>

---

[2]      Because Chemplex's federal trademark application did not register until shortly after its counterclaims were filed, Chemplex's claim is for false designation of origin under 15 U.S.C. § 1125(a) based on SAS's infringement of an unregistered mark rather than for trademark infringement of a registered mark under 15 U.S.C. § 1114.

incorporate the Chemplex Mark." Counterclaims, ¶29. Further, Chemplex alleged that "SAS has used the Chemplex Mark in product packaging and materials" and that this use "has caused a strong likelihood of confusion in the marketplace." Counterclaims, ¶13. There can be no dispute that Chemplex satisfied this pleading requirement for its false designation of origin claim.

Rather than addressing the adequacy of the above allegations, SAS completely misconstrues Chemplex's counterclaim and attempts to limit Chemplex's false designation of origin claim to a comparison between Chemplex's BEATS THE BOTTLED BOOSTERS mark and SAS's MOTOR UP mark. SAS states, without any basis, that "Defendant essentially alleges in its second Counterclaim that Plaintiff's use of its own senior registered trademark 'Motor Up' on packaging/product cards for Plaintiff's automotive additives products infringes Defendant's junior trademark 'Beats the Bottled Boosters.'" Pl. Br., 4. Indeed, SAS spends more than eight pages, nearly half of its brief, arguing why the MOTOR UP mark does not infringe the Chemplex Mark.

Contrary to SAS's assertions, Chemplex is not alleging infringement of its mark by the MOTOR UP mark. In fact, there is absolutely no express mention of the MOTOR UP mark anywhere in Chemplex's Counterclaims. *See* Counterclaims, ¶¶1-41. Moreover, Chemplex's claim clearly goes beyond the mere allegation that its mark is infringed by an SAS mark. Chemplex alleged that SAS is "using product sheets, cards and/or packaging which incorporate the Chemplex Mark." Counterclaims, ¶29. Chemplex alleged, and will prove, that SAS incorporated Chemplex's valid BEATS THE BOTTLED BOOSTERS trademark, word for word, into its advertising materials.

Because Chemplex has more than adequately alleged both ownership of a valid mark and a likelihood of confusion by the public, Chemplex has properly stated a false designation of origin claim based on trademark infringement of an unregistered mark. Accordingly, SAS's motion to dismiss this claim should be denied.

**b.    Chemplex Properly Alleged A Counterclaim For False Designation Of Origin Based On Trade Dress Infringement**

In addition to its false designation of origin claim based on infringement of its trademark, Chemplex properly pled its trade dress infringement claim. To state a claim under 15 U.S.C. § 1125(a) for trade dress infringement, the Second Circuit requires a claimant to allege that (1) the trade dress is distinctive as to the source of the goods, (2) there is a likelihood of confusion between the plaintiff's goods and the defendant's goods, and (3) the trade dress is not functional. *Eliya, Inc. v. Kohl's Dep't Stores*, No. 06-CV-195, 2006 WL 2645196, at *2 (S.D.N.Y. Sept. 13, 2006). Further, the distinctiveness requirement is satisfied with an allegation that the trade dress is either (a) inherently distinctive or (b) has acquired secondary meaning in the mind of the general public. *Id.*

**(i)    Distinctiveness Of The Trade Dress**

With respect to the distinctiveness requirement, Chemplex identified its trade dress (the "Chemplex Trade Dress") and <u>attached an actual copy of four detailed color photographs to its Counterclaims.</u>  *See* Counterclaims, ¶10 and Exhibits A-D. Chemplex further identified its trade dress as "including at least the use of a blister pack containing a tablet attached to a bottle-shaped card or card displaying a picture of a bottle." *Id.* Chemplex alleged that its trade dress is "<u>inherently distinctive</u> and [has] acquired <u>secondary meaning</u> in the marketplace." Counterclaims, ¶28. Further, Chemplex alleged that its trade dress "has acquired great value as an identifier of the source of the

Chemplex Products and distinguishes those products from others." Counterclaims, ¶13. Because Chemplex identified its trade dress and alleged that its trade dress is not only inherently distinctive but also has acquired secondary meaning, Chemplex has satisfied the requirement to plead distinctiveness.

SAS makes the half-hearted argument that Chemplex's trade dress infringement counterclaim should be dismissed because it lacks specific allegations regarding the aspects of the trade dress. Pl. Br., 13-15. Tellingly, nearly all of the cases cited by SAS discussing trade dress claims were issued after trial and/or a preliminary injunction hearing, not a motion to dismiss under Rule 12. *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373 (2d Cir. 1997) (preliminary injunction); *Yurman Design, Inc v. PAJ, Inc.*, 262 F.3d 101, 117 (2d Cir. 2001); *Crown Awards, Inc. v. Trophydepot*, 2003 WL 22208409 (E.D.N.Y. Sept. 3, 2003) (preliminary injunction); *Regal Jewelry Co. v. Kingsbridge Intern, Inc.*, 999 F. Supp. 477, 486 (S.D.N.Y. 1998) (after trial); *Disney v. Goodtimes Home Video Corp.*, 830 F. Supp. 762, 766 (S.D.N.Y. 1993) (combined expedited trial and injunction hearing). Accordingly, the cases cited by SAS are irrelevant to this motion, as are SAS's repeated efforts to argue the merits of Chemplex's trade dress claim.

As to the relevant issue of Rule 8 pleading with respect to the Chemplex Trade Dress, not only did Chemplex identify several specific features such as "a tablet attached to a bottle-shaped card or a card displaying a picture of a bottle," but it also attached four detailed color photographs with its Counterclaims. These photographs illustrate both the individual elements and the overall appearance of the Chemplex Trade Dress. SAS was clearly provided enough notice of Chemplex's claims.

### (ii)    Likelihood Of Confusion

Regarding likelihood of confusion, Chemplex alleged that "SAS has created a false designation of origin by marketing, without the permission or authority of Chemplex, automotive products using product sheets, cards and/or packaging which…are <u>confusingly similar</u> to the Chemplex Trade Dress." Counterclaims, ¶29.  Chemplex also alleged that SAS, by marketing its confusingly similar materials, "has caused a strong <u>likelihood of confusion</u> in the marketplace as to the source, origin, or relationship of Chemplex's and SAS's goods." Counterclaims, ¶13.  SAS cannot dispute this clear allegation of a likelihood of confusion.

### (iii)    Non-Functionality Of The Trade Dress

Finally, regarding functionality, Chemplex alleged that "the Chemplex Trade Dress…[is] <u>non-functional</u>." Counterclaims, ¶28.  Chemplex's allegation of non-functionality is unambiguous.

SAS argues that the blister pack on the Chemplex packaging cannot be a part of the Chemplex Trade Dress because that feature is functional.  Pl. Br., 15.  This argument fails for two reasons.  First, for purposes of this Rule 12 dismissal motion, Chemplex's allegations are presumed true.  *Bell Atl. Corp.*, 127 S. Ct. at 1965.  SAS offers no legal support for making such a determination, especially at this stage of the litigation.  Of the four cases cited by SAS in support of this proposition, not one deals with blister packs or even Rule 12(b)(6).  Pl. Br., 15.  Second, even if Chemplex's blister pack is functional, the case law confirms that trade dress comprising functional features may still be non-functional when viewed in its entirety.  *Lon Tai Shing Co. v. Koch + Lowry*, No. 90-CV-4464, 1991 WL 170734, *28 (S.D.N.Y Jun 20, 1991).

Because Chemplex more than adequately identified its trade dress and alleged distinctiveness, likelihood of confusion and non-functionality, Chemplex properly stated a claim for false designation of origin based on trade dress infringement.

### 3.    Chemplex Properly Alleged A Claim For Unfair Competition Under New York Statutory And Common Laws

As with the trade dress claim, SAS seeks the dismissal of Chemplex's unfair competition claims by falsely suggesting that Chemplex has the burden at this stage to "allege and prove" the elements of a claim for unfair competition.  In fact, Chemplex's burden is only to allege facts sufficient to make out a prima facie case.

As acknowledged by SAS, the elements of a claim for unfair competition under GBL § 349 are that (i) the challenged acts concerned consumers, (ii) the challenged acts were misleading in a material way and (iii) the plaintiff has been injured as a result.  Pl Br., 21.   Each of the requisite elements is alleged in Chemplex's Counterclaims.  First, Chemplex alleges that SAS is, without permission or authorization, marketing and selling automotive goods to the public using product sheets, product cards, packaging and other materials that are confusingly similar to the Chemplex Trade Dress and Chemplex Mark, and incorporate the Chemplex Copyrighted Materials.  Counterclaims, ¶¶ 12, 14, 34 and 39.

Second, Chemplex alleges that SAS's use of the Chemplex Trade Dress, Chemplex Mark and Chemplex Copyrighted Materials is misleading and results in confusion among the public.  Counterclaims, ¶¶ 34, 39.

Third, Chemplex alleges that it has suffered, and continues to suffer, irreparable harm, as a result of SAS's deception of the public by using the Chemplex Trade Dress, Chemplex Mark and Chemplex Copyrighted Material.  Counterclaims, ¶¶ 35, 40.

Similarly, Chemplex has properly alleged a claim for unfair competition under New York common law. As explained by the New York Court of Appeals in *Ruder v. Finn, Inc. v. Seaboard Sur. Co.*, 52 N.Y.2d 663 (1981), "[T]he primary concern in unfair competition is the protection of a business from another's misappropriation of the business' organization or its expenditures of labor, skill, and money." *Id.* at 671. As demonstrated in the context of Chemplex's GBL § 349 counterclaim, Chemplex's common law unfair competition claim is based on SAS's wrongful misappropriation of Chemplex's labor, skill and money in developing and publicizing, without Chemplex's permission, the Chemplex Trade Dress, Chemplex Mark and Chemplex Copyrighted Material.

SAS's implication that a claim for unfair competition does not exist because the instant dispute is between competitors is meritless. The Second Circuit has stated, "[C]orporate competitors now have standing to bring a claim under this [statute] ... so long as some harm to the public at large is at issue ...."" *Securitron Magnalock Corp. v. Schnabolk*, 65 F.3d 256, 264 (2d Cir. 1995) (*quoting Bristol-Myers Squibb Co. v. McNeil-P.P.C.*, 786 F. Supp. 182, 215 (E.D.N.Y.), *vacated in part on other grounds*, 973 F.2d 1033, 1036 (2d Cir. 1992).

"The critical question, then, is whether the matter affects the public interest in New York, not whether the suit is brought by a consumer or a competitor." *Securitron Magnalock Corp.*, 65 F.3d at 264. Here, SAS manufactures and sells automotive fuel additives in packaging deliberately designed to resemble Chemplex's unique trade dress and copyrighted materials in order to deceive the buying public into purchasing SAS's products, which products Chemplex believes to be substantially inferior to its own.

Finally, SAS contends that Chemplex's unfair competition claims are preempted by Federal Copyright law. The Copyright Act preempts claims that are the "legal or equitable … equivalent" of a claim related to any of the "exclusive rights" granted in section 106 of the Copyright Act. 17 U.S.C. § 301; see also *Kregos v. Assoc. Press*, 3 F.3d 656, 666 (2d Cir. 1993), *cert. denied*, 510 U.S. 1112, 114 S. Ct. 1056 (1994). A state law cause of action is not preempted if it involves an "extra element" beyond the acts of "reproduction, performance, distribution or display," which are protected by the Copyright Act. *EZ-Tixz, Inc. v. Hit-Tix, Inc.*, 919 F. Supp. 728, 737 (S.D.N.Y. 1996) (*citing Computer Assocs. v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir. 1992)).

Chemplex's unfair competition claims clearly involve numerous "extra elements." In addition to objecting to SAS's unauthorized use of the Chemplex Copyrighted Material, the claim seeks relief in connection with SAS's deception of the public by copying the Chemplex Mark and the Chemplex Trade Dress (as well as the Chemplex Copyrighted Material).

### 4.    Chemplex Properly Alleged A Claim For Statutory Damages And Attorneys' Fees Under Federal Copyright Law

Chemplex properly pled its claim for statutory damages and attorneys' fees under 17 U.S.C. §§ 504 and 505. While SAS correctly notes that 17 U.S.C. § 412 bars recovery of statutory damages and attorneys' fees based on acts of infringement that occur prior to registration, Chemplex's allegations were not limited to such acts. First, Chemplex alleged that two of its copyrighted materials were registered on or about December 27, 2007 and two others were registered on or about January 2, 2008. Second, Chemplex alleged that acts of infringement took place up to the date the Counterclaims were filed, clearly after the registration dates. Counterclaims, ¶12. Because Chemplex alleged acts

of infringement taking place after the date of registration, Chemplex's claim for statutory damages and attorneys' fees was properly pled and should not be dismissed.

SAS improperly relies on documents that were not attached or referenced in the Counterclaims in arguing that Chemplex's statutory damages and attorneys' fees claim should be dismissed.  Pl. Br., 20-21.  Even if these documents could properly be considered by the Court, they provide no support for SAS's position.

First, at most, the Chemplex letter dated November 1, 2007, suggests that <u>some</u> of Chemplex's copyrighted materials were infringed prior to the date of registration, not <u>all</u>. Section 412 does not prohibit the recovery of statutory damages or attorneys' fees for post-registration infringement of works, even if those works are similar or related to works infringed prior to registration.  *Thompson v. V.E.W. Ltd*, No. 06-CV-15336, 2007 WL 1746739, at *3 (S.D.N.Y. June 15, 2007).  In *Thompson*, the claimant alleged infringement of 30 copyrighted crowns.  *Id.*  In particular, claimant alleged improper use of four of these crowns prior to the copyright registration date.  However, the claimant also alleged that the defendants "continued utilizing [claimant's] works" after the registration date, <u>without specifying or limiting the number of crowns</u> that defendant used after that date.  *Id.*  The court held that the facts alleged in the pleading were "entirely consistent with defendants using some of [claimant's] crowns only after" the date of registration.  *Id.*  Accordingly, the motion to dismiss statutory damages and attorneys' fees under Section 504 and 505 was denied.

Here, just like the claimant in *Thompson*, Chemplex alleged infringement of its copyrighted works after the registration date, without specifying or limiting the number of works that were infringed.  The fact that some of the works may have been infringed

prior to the registration date does not preclude a possible finding that some of the other Chemplex Copyrighted Materials were infringed only after the registration date.

Second, the Chemplex letter does not suggest that there could be no <u>independent act of infringement</u> after the registration date.  Section 412 does not preclude recovery for post-registration acts of infringement that are independent from pre-registration acts. *Kwan v. Schlein*, 246 F.R.D. 447, 452-53 (S.D.N.Y. 2007).  The claimant in *Kwan* alleged that defendant's book, as well as its three later editions, infringed claimant's copyright.  While the original book and the first two editions were published prior to the copyright registration date, the last edition was published after.  *Id.* at 453.  Even though this final publication was simply an updated edition of the work, the court held that its publication was "the commencement of [a new] infringement" for purposes of Section 412.  *Id.*  Accordingly, the court denied defendant's motion to dismiss.  *Id.*

Similarly, here, the fact that some of SAS's infringing acts took place prior to the copyright registration date does not preclude an eventual finding of independent acts of infringement by SAS after the Chemplex works were registered.  Accordingly, SAS's motion to dismiss Chemplex's counterclaim for statutory damages and attorneys' fees under the Sections 504 and 505 should be denied.

### B.    SAS IMPROPERLY RELIES ON DOCUMENTS AND INFORMATION OUTSIDE THE PLEADINGS

Rather than addressing or even outlining the pleading requirements, SAS relies on documents and information outside the scope of the Counterclaims.  These irrelevant materials include the Harrington Attorney Declaration as well SAS's arguments relating to the *Polaroid* test used to determine the factual inquiry of likelihood of confusion.

In support of its motion, SAS submitted the declaration of its attorney, Kevin Harrington.   Because the declarant has no personal knowledge of the statements contained therein, and because the Harrington Declaration contains information and documents outside the Counterclaims, the declaration should not be considered on this motion and should be rejected by the court.

First, it is axiomatic that the affidavit of a party's attorney, which is not based on personal knowledge, should be accorded no weight.  *Wyler v. United States*, 725 F.2d 156, 160 (2d Cir. 1983) ("An affidavit of the opposing party's attorney which…is not based on first-hand knowledge is not entitled to any weight"); *Kamen v. Am. Tel. & Tel. Co.*, 791 F.2d 1006, 1011 (2d Cir. 1986) (improper for district court to consider "conclusory and hearsay" statements in attorney affidavit where the statements were not based upon personal knowledge).  Here, the Harrington declaration provides no basis to conclude that Harrington possesses personal knowledge of any of the facts relating to this dispute.

Second, for the purpose of a dismissal motion, the court is not to consider documents outside the pleading.  *U2 Home Entm't, Inc. v. Kylin TV, Inc.*, No. 06-CV-02770, 2007 WL 2028108, at *7 (E.D.N.Y. July 11, 2007).  The Harrington Declaration contains information and documents that were not referenced or even alluded to in Chemplex's Counterclaims.  Thus, the Harrington Declaration should be rejected.

Similarly, SAS's arguments regarding application of the *Polaroid* test (Pl. Br., 8) are entirely inappropriate on a dismissal motion.  *Eliya, Inc. v. Kohl's Dep't Stores*, No. 06-CV-195, 2006 WL 2645196, at *2 n.2 (S.D.N.Y. Sept. 13, 2006) ("an application of

the so-called *Polaroid* factors on this motion to dismiss would be inappropriate because it would involve premature factfinding").

## IV.    CONCLUSION

For the foregoing reasons, Chemplex respectfully requests that the Court deny SAS's motion in its entirety.

Dated:    June 17, 2008                MOSES & SINGER, LLP
          New York, New York
                                       Attorneys for Defendant and
                                       Counterclaim Plaintiff


                                       By:    /s/ Philippe Zimmerman
                                       Philippe Zimmerman (PZ-7744)
                                       Julie Stark (JS-8925)
                                       The Chrysler Building
                                       405 Lexington Avenue
                                       New York, NY 10174
                                       Phone: (212) 554-7800
                                       Fax:    (212) 554-7700

                                       KNOBBE, MARTENS, OLSON & BEAR, LLP

                                       Jeffrey L. Van Hoosear (*pro hac vice*)
                                       Lynda J. Zadra-Symes (*pro hac vice*)
                                       Jared C. Bunker (*pro hac vice*)
                                       2040 Main Street
                                       Fourteenth Floor
                                       Irvine, CA  92614
                                       Phone: (949) 760-0404
                                       Fax:    (949) 760-9502

5516836
061208