UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

SAS GROUP, INC., a New York corporation,     x     Civil Action No.
                                                             x     07 CV 10262 (SCR)

                  Plaintiff,     x

                                                            x

  -against-                        x

                                                            x

CHEMPLEX AUTOMOTIVE GROUP, INC., a     x
California corporation,                                        x

                  Defendant.     x

------------------------------------------------------------x

---

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS

---

**HARRINGTON, OCKO & MONK, LLP**
*Attorneys for Plaintiff*
*SAS Group, Inc.*
**81 Main Street, Suite 215**
**White Plains, NY 10601**
**(914) 686-4800**
**(914) 686-4824 (fax)**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES……………………......................................................... -ii-

PRELIMINARY STATEMENT .................................................................................... 1

I.   DEFENDANT'S OPPOSITION PAPERS CITE THE WRONG LEGAL STANDARD
     REGARDING RULE 12(b)(6) MOTIONS ....................................................... 2

II.  THE HARRINGTON DECLARATION AND ITS EXHIBITS ARE PROPERLY
     BEFORE THE COURT. ................................................................................... 3

III. DEFENDANT HAS FAILED TO ALLEGE CLAIMS FOR UNFAIR COMPETITION
     UNDER NEW YORK STATUTORY AND COMMON LAW ........................ 5

IV.  DEFENDANT'S COUNTERCLAIMS FAIL TO ALLEGE FACTS SUFFICIENT TO
     SUPPORT A COPYRIGHT INFRINGEMENT CLAIM ................................. 6

V.   DEFENDANT'S CLAIMS FOR STATUTORY DAMAGES AND ATTORNEYS'
     FEES UNDER THE COPYRIGHT ACT FAIL ................................................ 7

VI.  DEFENDANT'S CLAIM OF INHERENTLY DISTINCT TRADE DRESS FAILS ........ 9

VII. DEFENDANT FAILS TO ALLEGE A TRADEMARK INFRINGMENT CLAIM ....... 10

CONCLUSION................................................................................................... 10

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Cerveceria v. USPA*, 2008 WL 1710910 (S.D.N.Y. April 10, 2008) .................................. 3

*Cordon v. Northwest*, 2005 WL 589405 (S.D.N.Y. March 11, 2005) ............................. 8

*Cortec Industries, Inc. v. Sum Folding, L.P.*, 949 F.2d 42 (2nd Cir. 1991) .................... 4

*Dafofin v. Hotelworks.com*, 2001 WL 940632 (S.D.N.Y. Aug. 17, 2001) ...................... 5

*Discover Group, Inc. v. Lexmark Intern. Inc.*, 333 F.Supp.2d 78 (E.D.N.Y. 2004) ....... 4

*Elements v. Gloriosa*, 2002 WL 1492197 (S.D.N.Y. July 15, 2002) ........................... 10

*Famous Horse Inc. v. 5th Ave. Photo Inc.*, 2008 WL 2156727 (S.D.N.Y. May 19, 2008) .......... 3

*Fonte v. Board*, 848 F.2d 24 (2nd Cir. 1988) ................................................. 8

*Fournier v. Erickson*, 202 F.Supp.2d 290 (S.D.N.Y. 2002) .................................... 8

*Gucci America, Inc. v. Duty Free Apparel, Ltd.*, 277 F.Supp.2d 269 (S.D.N.Y. 2003) ............... 5

*Jacobson v. Televida, Inc.*, 2005 WL 3609101 (E.D.N.Y. Aug. 10, 2005) .................... 4

*Karam v. Cache, Inc.*, 2007 WL 2438396 (S.D.N.Y. Aug. 27, 2007) ......................... 6

*Maharishi v. Abercrobie*, 292 F.Supp.2d 535 (S.D.N.Y. 2003) .............................. 10

*Munno v. Orangetown*, 391 F.Supp.2d 263 (S.D.N.Y. 2005) ................................. 4

*Okwendy v. Molinari*, 69 Fed.App. 482 (2nd Cir. 2003) ..................................... 4

*Singh v. Famous Overseas, Inc.*, 680 F.Supp. 533 (E.D.N.Y. 1988) ......................... 8

*Waddington v. EMI*, 2002 WL 2031372 (E.D.N.Y. Sept. 5, 2002) ........................... 10

**Statutes**

17 U.S.C. §412 ............................................................................... 8
17 U.S.C. §504 ............................................................................... 8
17 U.S.C. §505 ............................................................................... 8

**Rules**

Fed.R.Civ.P. 8 ............................................................................... 2
Fed.R.Civ.P. 12 ............................................................................ 1-7

Plaintiff, SAS GROUP, INC. ("SAS" or "Plaintiff") as and for its Reply in further support of its motion to dismiss the Counterclaims of Defendant CHEMPLEX AUTOMOTIVE GROUP, INC. ("Chemplex" or "Defendant") pursuant to Rule 12(b)(6), states as follows:

## PRELIMINARY STATEMENT

Defendant's Memorandum of Law in Opposition to Plaintiff's Motion to Dismiss Defendant's Counterclaims ("Def. Opp.") only highlights the pleading deficiencies in Defendant's Counterclaims. However, Defendant's conclusory assertions of infringement contained in its opposition papers, and Amended Answer and Counterclaims ("Counterclaims"), are not enough to prevent such Counterclaims from being dismissed under Rule 12(b)(6).

First, in its opposition papers, Defendant cites the wrong legal standard and/or inapplicable case law with regard to the requirements for a claim to withstand dismissal under Rule 12(b)(6). Second, Defendant's opposition papers fail to point to any necessary, non-conclusory factual allegations in its Counterclaims that nudge its claims of copyright infringement, false designation of origin and unfair competition beyond the purely speculative. Without such required supporting factual allegations, Defendant's Counterclaims do not meet the pleading requirements provided for in *Twombly*, and it's Counterclaims should be dismissed.

Third, Defendant concedes in its opposition papers that the Counterclaims for unfair competition are nothing more than trade dress and trademark infringement claims. Courts have held that claims of trademark and trade dress infringement by competitors, without allegations of consumer injury, do not constitute unfair competition claims under New York law.

Fourth, Defendant's amorphous and non-specific conclusory allegations of copying are insufficient to support a claim of copyright infringement under *Twombly*. Defendant's Counterclaims fail to allege with specificity what original material SAS has allegedly copied,

and Defendant's opposition papers do not show otherwise. Defendant's allegations of copying by SAS with regard to copyrighted materials are so non-specific and illusory that they violate Fed.R.Civ.P. 8; the Counterclaims leave Plaintiff guessing about what was allegedly copied.

Fifth, Defendant's attempt to retain its Counterclaim for statutory damages and attorneys' fees under the Copyright Act fails. Defendant admits that it failed to register the materials at issue within the 3-month grace period, and admits that alleged copying by SAS took place _before_ the registration. Defendant fails to allege with specificity that its copyrighted material supposedly copied by SAS before registration are _different_ than those materials allegedly infringed by SAS after registration; a requirement to obtain attorneys' fees and statutory damages under the Copyright Act.

Sixth, Defendant has failed to point to any portion of its Counterclaim which demonstrates it has properly alleged a false designation of origin claim with regard to SAS's use of its own mark, "Motor Up". Defendant also fails to show its conclusory allegations of the inherent distinctiveness of its supposed Chemplex trade dress are based upon aspects that can be legally considered sufficiently distinct. Furthermore, Chemplex has failed to point to anything in its Counterclaims with regard to factual allegations supporting its conclusion that this trade dress has acquired secondary meaning.

## I.    DEFENDANT'S OPPOSITION PAPERS CITE THE WRONG LEGAL STANDARD REGARDING RULE 12(b)(6) MOTIONS

Defendant goes to great length to try to discount the pleading requirements dictated by _Twombly_; going so far as to reference decisions which predate _Twombly_ by two decades. Defendant's citations to pre-_Twombly_ cases regarding the pleading requirements under Rule 8(a), and the standard applicable for a claim to withstand a Rule 12(b)(6) motion are of no consequence; the pleading landscape shifted because of _Twombly_.

A complaint <u>must</u> contain <u>factual</u> allegations sufficient to raise a right of relief above the speculative level. *Famous Horse Inc. v. 5th Ave. Photo Inc.*, 2008 WL 2156727 (S.D.N.Y. May 19, 2008). Just as importantly, a counterclaim cannot simply present mere conclusions and formulaic recitations of the elements of a cause of action to withstand a motion to dismiss under Rule 12(b)(6). *Cerveceria v. USPA*, 2008 WL 1710910 at *2 (S.D.N.Y. April 10, 2008).

Defendant's Counterclaims are nothing more than a compilation of conclusory assertions and formulaic recitations of the elements of their claims with absolutely <u>no</u> factual allegations to support such assertions, and its opposition papers are not to the contrary. Such unsupported conclusory/formulaic allegations include: (1) that SAS has incorporated Chemplex's copyrighted materials into Plaintiff's product sheets/cards <u>without</u> specifying what was incorporated or copied, (2) that SAS is selling automotive products using packaging materials that are likely to confuse consumers <u>without</u> specifying anything about Plaintiff's trade dress that is confusingly similar, and (3) alleging that Plaintiff's product cards, sheets and packaging incorporate the Chemplex Mark <u>without</u> identifying how the supposed Chemplex Mark is used or incorporated by Plaintiff, or what product sheets, cards or packaging Defendant is even referring to. Defendant's mere recitation of the elements of trademark, trade dress and copyright infringement claims, without <u>any</u> supporting factual allegations, leaves Plaintiff to speculate as to what conduct is actually being alleged. Such pleadings fails to place Plaintiff on notice of the alleged improper conduct; a clear failure of the pleading requirements of Rule 8, much less *Twombly*.

## II.     THE HARRINGTON DECLARATION AND ITS EXHIBITS ARE PROPERLY BEFORE THE COURT.

Defendant is simply wrong when it asserts that the Court cannot take into account the Harrington Dec. and exhibits in the context of Plaintiff's Rule 12(b)(6) motion. Courts have consistently held that documents attached to an Attorney's affidavit are an appropriate part of a

Rule 12(b)(6) motion if those documents are ones upon which the opposing party relied in bringing its claims, are in the opposing party's possession, are referenced in the Complaint, or are an integral part of the claims. *Okwendy v. Molinari*, 69 Fed.App. 482, 485 (2nd Cir. 2003). Review of such documents is permissible under Rule 12(b)(6) to ensure that a party is not easily allowed to escape the consequences of its own <u>intentional</u> failure to make the court aware of operative documents upon which its claims are based. *Jacobson v. Televida, Inc.*, 2005 WL 3609101 at *2 (E.D.N.Y. Aug. 10, 2005); *Discover Group, Inc. v. Lexmark Intern. Inc.*, 333 F.Supp.2d 78, 82 (E.D.N.Y. 2004); *Cortec Industries, Inc. v. Sum Folding, L.P.*, 949 F.2d 42, 47 (2nd Cir. 1991). Judicial notice may be taken of documents, even if not referenced in the Complaint, if public records. *Munno v. Orangetown*, 391 F.Supp.2d 263, 268 (S.D.N.Y. 2005).

Here, the documents attached to the Harrington Dec. are incorporated by reference in Defendant's Amended Answer, are documents upon which Defendant relies and/or are integral to its Counterclaims, or are public documents. Exhibit "A" is a Nov. 1, 2007 letter from Defendant's own counsel, and referenced in the Counterclaims. Exhibits "B", "C" and "D" are also properly before the Court, as they are public documents filed with the USPTO by Plaintiff and Defendant, and involve trademarks upon which Defendant relies and/or references in bringing its Counterclaims. Exhibits "E", "F", "G" and "H" are also properly before the Court as they consist of Plaintiff's product cards for its gas additive product referenced in the Counterclaims. Exhibits "I", "J" and "K" similarly cannot be objected to as those are Defendant's own product cards, referenced in the Counterclaims and are their <u>very</u> basis.

Exhibits "N" and "O" are printouts from Defendant's <u>own</u> website regarding its "Beats the Bottled Boosters" product. Exhibits "L" and "M" are also properly before the Court as they are printouts from websites reflecting the sales and/or marketing of Defendant's "Beats the

4

Bottled Boosters" tablets, which sales/marketing efforts are referenced in Defendant's Counterclaims; such sales/marketing form the basis for Defendant's assertion that its Chemplex Mark/trade dress have obtained secondary meaning sufficient to warrant Lanham Act protection.

Defendant's references to *Wyler*, *Kamen* and *U-2 Home* for the proposition that the Court should disregard the Harrington Dec. and its exhibits are clearly distinguishable from this situation. *Wyler* involved a Rule 56(e) summary judgment motion, not a 12(b)(6) motion. In *Kamen*, the motion made was one for dismissal pursuant to Rule 12(b)(1) for lack of jurisdiction, not 12(b)(6). Defendant's citation to *U-2 Home* supports Plaintiff's position that the documents are appropriately before the Court. The *U-2 Home* court indicated that it would have accepted the declaration and exhibits on a 12(b)(6) motion if their authenticity were <u>not</u> in dispute. Here, Defendant does not dispute the accuracy/authenticity of these documents, nor can it. Even if the Court were to disallow certain of the documents, this does not preclude the Court from deciding the motion based on others, and does not force the Court to convert this to a motion for summary judgment. *Dafofin v. Hotelworks.com*, 2001 WL 940632 (S.D.N.Y. Aug. 17, 2001)

## III.    DEFENDANT HAS FAILED TO ALLEGE CLAIMS FOR UNFAIR COMPETITION UNDER NEW YORK STATUTORY AND COMMON LAW

Defendant asserts that it has properly alleged claims for unfair competition under New York law due to Plaintiff's alleged improper use of the Chemplex trade dress, Chemplex Mark, and certain Chemplex copyrighted materials. Defendant's position is wrong.

Case law is clear that in order to state a cause of action for unfair competition, a commercial claimant must allege conduct that has a significant ramification for the public. *Gucci America, Inc. v. Duty Free Apparel, Ltd.*, 277 F.Supp.2d 269, 273 (S.D.N.Y. 2003). Such a claim by a competitor must clearly allege that the gravamen of its claim is consumer injury or harm to the public. *Id.* Injury or harm that satisfies this standard includes potential danger to

public health or safety. Claims arising out of trademark disputes between competitors, where the core of the claims is harm to another's business, not consumers, do not constitute unfair competition. *Id.*; *Karam v. Cache, Inc.*, 2007 WL 2438396 at *2 (S.D.N.Y. Aug. 27, 2007).

Defendant concedes, as it must, that its unfair competition claims are nothing more than trademark, trade dress and copyright infringement claims clothed under the guise of unfair competition. Def. Opp. at pp. 13-14. Defendant points to no allegation in its Counterclaims that relates to consumer harm, or potential danger to the public health or safety.

Defendant's citation to *Securitron* for the proposition that its unfair competition claims should not be dismissed is of no merit. The Court in *Securitron* clearly indicated that the case involved public safety and potential injury. The public safety issues presented in *Securitron* are not alleged here. As such, Defendant's Counterclaims for unfair competition must be dismissed.

## IV.    DEFENDANT'S COUNTERCLAIMS FAIL TO ALLEGE FACTS SUFFICIENT TO SUPPORT A COPYRIGHT INFRINGEMENT CLAIM

Defendant asserts in its opposition papers that in order to properly allege a claim for infringement under the Copyright Act, it need do no more than allege that SAS "has copied some of" its registered material, and that this is sufficient under *Twombly* and Rule 8 to withstand a 12(b)(6) motion. Defendant cites <u>no</u> recent applicable case law to support that broad assertion. Defendant's citations to *Maverick, Krasselt,* and *U-2 Home* for the proposition that it need only allege that SAS copied and "continues to use" allegedly infringing materials to satisfy the pleading requirements sufficient to overcome a Rule 12(b)(6) motion are of no consequence. First, *Maverick* and *Krasselt* predate *Twombly.* Indeed, in *Krasselt*, in denying defendant's 12(b)(6) motion, the court referenced *Conley*, a case *Twombly* specifically overruled. Furthermore, unlike here, in *Krasselt*, plaintiff specified <u>exactly</u> which proposals he claimed defendants had copied, and which of defendants' advertisements allegedly copied such

proposals.  Here, Defendant does not allege what, if anything, SAS has supposedly copied of Defendant's, and which of SAS's myriad of marketing materials allegedly infringes; were Defendant's materials copied in their entirety by SAS, were any certain words or phrases copied, what SAS material's infringe?  Defendant's conclusory allegations leave Plaintiff (and the Court) guessing as to what was allegedly copied and where.  Likewise, *Maverick* does not support Defendant's assertion that it has sufficiently pled a copyright infringement claim.  Like *Krasselt*, *Maverick* predates *Twombly*.  And like *Krasselt,* in *Maverick*, the plaintiff described <u>exactly</u> which sound recordings it owned/was the exclusive licensee of, and alleged that defendant had illegally reproduced or distributed the <u>entire</u> content of each of these copyrighted materials.

The decision in *U-2 Home* also undermines Defendant's argument that it has sufficiently pled a copyright claim.  In *U-2 Home*, the plaintiff made <u>specific</u> allegations about its ownership of 25 motion pictures, and that defendants participated in, authorized or contributed to the unauthorized public performance of <u>all</u> of those motion pictures.  The court held that this specificity was sufficient to withstand a motion under 12(b)(6).  The allegations by the plaintiff in *U-2 Home* are in stark contrast to the vague and conclusory allegations in Defendant's Counterclaims which do not specify what was allegedly copied, or which of SAS's materials contain such copyrighted materials.  Thus, the copyright Counterclaim fails under *Twombly*.

## V.    DEFENDANT'S CLAIMS FOR STATUTORY DAMAGES AND ATTORNEYS' FEES UNDER THE COPYRIGHT ACT FAIL

Defendant admits that prior to this lawsuit and before to its untimely registration of the product sheets referenced in its Counterclaims, Defendant threatened SAS with suit regarding Defendant's copyrighted materials.  Defendant attempts to get around the explicit bar regarding statutory damages and attorneys' fees in the Copyright Act by <u>now</u>, for the first time in its

opposition papers, alleging the infringing materials are something <u>other</u> than those referenced in its Counterclaims. Such arguments must fail.

Factual allegations in a pleading cannot be supplemented by arguments in motion papers. *Fonte v. Board*, 848 F.2d 24, 25 (2d Cir. 1988). Defendant's attempt to add <u>new</u> factual allegations through its opposition papers cannot be a basis to deny Plaintiff's motion.

In any event, Defendant's assertion in its opposition papers that it is <u>now</u> claiming certain works were infringed before their registration, and certain <u>other</u> works were infringed after the registration, is the most clear demonstration that Defendant's copyright infringement claim fails the requirements of Rule 8 and *Twombly*; the copyright infringement claim does not place Plaintiff on notice about what materials were infringed, before or after registration.

Defendant's <u>new</u> factual allegations notwithstanding, courts have clearly held that failure to comply with the registration requirements of the Copyright Act under §412 preclude an award of attorneys' fees and statutory damages, under §§ 504, 505. *Cordon v. Northwest*, 2005 WL 589405, at *7 (S.D.N.Y. March 11, 2005); *Singh v. Famous Overseas, Inc.*, 680 F.Supp. 533, 536 (E.D.N.Y. 1988); *Fournier v. Erickson*, 202 F.Supp.2d 290, 297 (S.D.N.Y. 2002). Defendant admits, as it must, that it did not register any of the materials at issue within the required 3-month grace period, after publication, provided for in the Copyright Act. This failure precludes an award of attorneys' fees or statutory damages in this action.

Defendant asserts that it attorneys' fees/statutory damages claims should not be dismissed pursuant to the decision in *Kwan*. Defendant claims, <u>now</u> for the first time, that the infringing acts complained of somehow constitute "independent acts" separate and apart from the acts of infringement Defendant admits to complaining of to SAS some 3 months before Defendant registered the materials at issue. Defendant cannot <u>change</u> the factual allegations in its pleading

through new factual allegations in its opposition papers. Furthermore, unlike the allegations in *Kwan*, Defendant fails to allege in its Counterclaims that SAS issued separate, distinct, new editions of the allegedly infringing materials after their registration by Defendant. Rather, the Counterclaims simply assert and allege a continuing course of infringing activity by SAS regarding the same materials, both before and after registration by Defendant. Thus, Defendant is not entitled to attorneys' fees/statutory damages under the Copyright Act.

## VI.    DEFENDANT'S CLAIM OF INHERENTLY DISTINCT TRADE DRESS FAILS

Defendant does not point to a single allegation in its Counterclaims regarding the inherent distinctiveness of its trade dress that is not conclusory. First, Defendant cites no case for the proposition that its cellophane "blister pack" is anything other than functional. Nor can it; there is no allegation that the "blister pack" is unique in color or shape, or positioned on the product cards in a unique manner. Defendant's ironic citation to *Lon Tai*, a preliminary injunction decision, for the proposition that a determination of functionality requires a view of the entire package is wrong. *Lon Tai* involved the look of the product itself, and not a review of functionality of its packing, as is the case here. Second, Defendant has not shown that its Counterclaims contain anything other than wholly conclusory allegations that its trade dress for its entire line of gas additive tablets is inherently distinct and contains consistent features; a requirement to state a claim for trade dress infringement for a line of products, as alleged here. Indeed, *V.E.W.* cited by Defendant supports Plaintiff's position that Defendant has failed to sufficiently allege specific elements of its trade dress. Third, Defendant cannot claim a "bottle-shaped" product card as being a part of its trade dress as it does not market or sell any of its products using such a bottle-shaped card. Indeed, the fact that Defendant claims as its trade dress either a bottle-shaped card or a card with the image of a bottle means Defendant has failed

to allege that such elements of its dress can be considered inherently distinct, as a matter of law. *Elements v. Gloriosa*, 2002 WL 1492197, at *6 (S.D.N.Y. July 15, 2002); *Maharishi v. Abercrobie*, 292 F.Supp.2d 535, 546 (S.D.N.Y. 2003). Fourth, Defendant essentially admits, as it must, that it has failed to allege with the requisite specificity anything about the trade dress for its entire line of gas additive tablet products that can be deemed inherently distinct or consistent, such that it warrants protection under the Lanham Act. *Waddington v. EMI*, 2002 WL 2031372, at *4 (E.D.N.Y. Sept. 5, 2002). Defendant points to no allegations to support the conclusory assertion that its dress has secondary meaning; no allegations of sales/revenues/ media.

## VII.    DEFENDANT FAILS TO ALLEGE A TRADEMARK INFRINGMENT CLAIM

In arguing that it has properly alleged a trademark infringement claim regarding its "Beats the Bottled Boosters" mark, Defendant asserts that Plaintiff's motion misses the mark. Defendant maintains its infringement claim is not about Plaintiff's use of its "Motor Up" house mark, but Defendant's own mark that it asserts Plaintiff is infringing. Defendant's arguments fail to address the central issue in Plaintiff's motion; that each and every one of Plaintiff's packages, marketing materials and product sheets contain Plaintiff's house mark "Motor Up" in multiple places. The prominence of Plaintiff's house mark "Motor Up" on its marketing materials precludes a finding of consumer confusion, as a matter of law. Indeed, Defendant does not argue, nor can it, that any of Plaintiff's product cards, packaging or products sheets do not contain Plaintiff's house mark "Motor Up" displayed in a prominent fashion.

## <u>CONCLUSION</u>

For the reasons stated above, those described in Plaintiff's Memorandum, and the Harrington Dec., Defendant's Counterclaims should be dismissed in their entirety, with fees and costs to Plaintiff.

Dated:  White Plains, New York
        June 30, 2008

                                Respectfully submitted,

                                  _____

                                  Kevin J. Harrington [KH-5027]
                                  John T. A. Rosenthal [JR-4819]
                                  HARRINGTON, OCKO & MONK, LLP
                                  Attorneys for *Plaintiff*
                                  *SAS GROUP, INC.*
                                  81 Main Street, Suite 215
                                  White Plains, New York 10601
                                  Telephone:  (914) 686-4800
                                  Facsimile:   (914) 686-4824